JOHNSON, J.,
concurs in part, dissents in part and assigns reasons.
|,I concur with the majority opinion insofar as it dismisses formal charges against respondent, Donald S. Zuber. However, I must dissent from the majority’s decision to dismiss formal charges against respondent, Catherine Smith Nobile.
In my opinion, Ms. Nobile’s communication with her client, Dr. Michael Teague, was inadequate. The record indicates that Ms. Nobile failed to keep Dr. Teague apprised of important developments in his medical malpractice case. While Ms. No-bile corresponded regularly with her insurer client, St. Paul Insurance Company, regarding her assessment of the case, her recommendation that the insured consider settlement, and the mediation process which resulted in the settlement, Ms. No-bile provided none of this information to the insured, Dr. Teague, who was also her client. It is of no consequence that St. Paul had contractual control over the defense and settlement of Dr. Teague’s case due to the lack of a “consent to settle” clause in the contract. The insurance contract between Dr. Teague and St. Paul did not define or extinguish the ethical responsibilities of Ms. Nobile to her client, Dr. Teague. The Rules of Professional Conduct ultimately govern an attorney’s ethical obligations to his/her client, and Ms. Nobile owed the same ethical obligations to both her insurance company client, St. Paul, and the client insured by St. Paul, Dr. Teague.
The Rules of Professional Conduct require an attorney to keep his/her client reasonably informed about the status of the case. The record clearly demonstrates 12that Ms. Nobile failed to keep Dr. Teague so informed. Ms. Nobile admitted her lack of communication relative to the mediation, but suggested the failure was inadvertent and a result of the short time period between the scheduling and holding of the mediation. However, the record reveals that Ms. Nobile proposed the mediation to plaintiffs counsel in a letter two weeks prior to the date on which the mediation was held and the insured, St. Paul, was copied on this correspondence. I see no reason why Dr. Teague could not have been easily copied on this correspondence. It appears that Ms. Nobile failed to recognize the underlying responsibility to keep Dr. Teague informed. Further, Ms. No-bile failed to acknowledge that the legal consequence of liability remained with Dr. Teague. By failing to communicate with Dr. Teague, Ms. Nobile, in my view, violated Rule 1.4 of the Rules of Professional Conduct.
Turning to sanctions, Ms. Nobile acted negligently in failing to communicate with Dr. Teague and her conduct caused actual harm to Dr. Teague, who was not kept informed of the progress of litigation where he was a named defendant. Under these circumstances, I believe Ms. Nobile’s behavior merits, at a minimum, a public reprimand.